[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#127)
In its supporting memorandum the defendant presents two distinct arguments for summary judgment on the plaintiffs April 24, 1997, amended complaint. First, it argues that the oral representations alleged by the plaintiff in paragraph 6, concerning security and supervision, as a matter of law, can only be the basis for an executory contract barred by the three year statute of limitations in § 52-581. Secondly, it argues that insofar as the plaintiff relies upon a written contract, the documents identified by the plaintiff to date contain no reference to safety and supervision. Therefore, as a matter of law, the defendant argues there can be no written contract.
In her counter memorandum and evidence, the plaintiff relies upon an implied contract which she claims can and should be inferred from the entire relationship between the parties. This includes the defendant's oral representations about security and supervision and the extensive degree through its by-laws and active community involvement by which the defendant promoted the general welfare of its members and prohibited offensive conduct.
The defendant, as movant, bears the burden of proof on this motion. There is no factual challenge to the alleged oral representations. In this regard the movant makes only a legal argument that the alleged contract as a matter of law is executory only and therefore governed by the three year statute of limitations in § 52-581.
The plaintiff has offered sufficient evidence of interaction between the parties to defeat this motion. An implied contract is governed by the six year statute of limitations in § 52-576. CT Page 13439
Moreover, the movant's reliance upon § 52-581 is misplaced. Section52-581 is confined to express oral agreements. It does not reach implied contracts which are governed by § 52-576. The movant cannot force the plaintiff to interpret its cause of action in a way that favors the defendant.
The defendant's reliance upon specific by law provisions in the second part of its argument is without merit in view of the plaintiff's claim of an implied contract. Whether or not there is an implied contract must be determined by an examination of all the circumstances between the parties of which the by-laws are only a part. They are not dispositive.
Whether or not an implied contract existed and was breached is an unresolved material issue of fact based upon the intent and conduct of the parties. It is sufficient to defeat summary judgment.
One further issue warrants the court's attention. At oral argument the defendant enlarged its written position by asserting that the allegations of the amended complaint as further restricted by the plaintiff's discovery response to date cannot support a claim of implied contract. In essence, the defendant asserted a motion to strike under the rubric of summary judgment. There is nothing on the face of the amended complaint that would preclude the evidence offered by the plaintiff in opposition to this motion. Nor can the defendant restrict the plaintiff's opposition to its discovery responses to date. When read in the light most favorable to the plaintiff the complaint and the evidence which could be offered under its allegations are sufficient support a claim of implied contract. If not, the plaintiff would be entitled to replead. A summary judgment used as a motion to strike cannot cause the loss of the plaintiff's right to replead.
Motion is denied.
Licari, J.